```
                   UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

GARY CHIPPS,                              :
                                          :
            Plaintiff,                    :CIVIL ACTION NO. 3:05-CV-2024
                                          :
       v.                                 :(JUDGE CONABOY)
                                          :
CONTINENTAL AIRLINES INC.,;               :
COMMUTAIR, INC., d/b/a CONTINENTAL        :
CONNECTION, and EXPRESS JET               :
AIRLINES, INC., d/b/a CONTINENTAL         :
EXPRESS,                                  :
                                          :
            Defendants.                   :
_____

**MEMORANDUM AND ORDER**

Here we consider the Motion of Defendant Champlain Enterprises, Inc., d/b/a CommutAir to Dismiss, (Doc. 5), and the Motion of Defendants Continental Airlines, Inc. and Expressjet Airlines, Inc. to Dismiss, (Doc. 14).  Defendant Champlain Enterprises, Inc., d/b/a CommutAir ("CommutAir") filed its motion on December 1, 2005, in response to Plaintiff's Complaint, (Doc. 1), filed on October 4, 2005.  Defendants Continental Airlines, Inc. and Expressjet Airlines, Inc. filed their motion on January 23, 2006.  Plaintiff's Complaint alleges two counts against the three named Defendants: Count I - violation of the Air Carrier Access Act of 1986, 49 U.S.C. §§ 41310, 41501, 41702, 41705 (Supp. Iv 1986) ("ACAA"); and Count II - Intentional Infliction of Emotional Distress ("IIED").  (Doc. 1.)  In the pending motions filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, Defendants assert that Plaintiff has failed to state a claim upon which relief may be granted because the ACAA does not recognize or sanction a private cause of action and the facts alleged do not justify a finding of "outrageous" conduct as required for an IIED claim.  (Docs. 6, 15.)  For the reasons discussed below, Defendants' motions are granted as modified.

## I. Background

The following facts are derived primarily from Plaintiff's Complaint, (Doc. 1).[1]  At all relevant times, Plaintiff was disabled and required the use of a wheelchair.  On August 28, 2004, Plaintiff made on online ticket purchase from Continental Airlines to fly from the Wilkes-Barre/Scranton International Airport in Avoca, Pennsylvania, to Kansas City, Missouri, on October 19, 2004.  The trip required two flights: the first flight from Wilkes-Barre/Scranton to Cleveland, Ohio, via CommutAir; the second flight from Cleveland to Kansas City via ExpressJet Airlines.  CommutAir is a regional air carrier which operates as a "Continental Connection" partner of Continental Airlines, Inc.  (Doc. 6 at 3.) The aircraft used on the CommutAir flight from Wilkes-Barre/Scranton to Cleveland was a Beech 1900D turbo-prop aircraft which is configured to carry nineteen (19) passengers.

---

[1] For the purposes of a Motion to Dismiss, the Court is to review the matter assuming the plaintiff's well-pleaded allegations of fact to be true.  *See, e.g., California Public Employees' Retirement System v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004); *Oran v. Stafford*, 226 F. 3d 275, 279 (3d Cir. 2000).

At the time Plaintiff purchased his ticket, he responded to online prompts and disclosed that he was disabled and required the use of a wheelchair.  Thereafter, Plaintiff confirmed his travel plans by phone with representatives of Continental Airlines and confirmed accessability to the flights during several conversations.

Plaintiff arrived at the Wilkes-Barre/Scranton Airport on October 19, 2004, more than an hour before the flight and was issued a boarding pass by the Continental agent.  Before boarding began, the agent informed Plaintiff that he would not be allowed to board the plane because Continental did not have the equipment or personnel to assist him.  Plaintiff offered that he could be carried onto the plane, but was told this was not allowed.  The pilot also informed Plaintiff that he could not be accommodated on the scheduled flight.

Upon the suggestion of the Continental agent, Plaintiff telephoned Continental representatives in Allentown, Pennsylvania, to determine if he would be able to fly out of Allentown.  He was told that the ordinary procedure - a shuttle bus from Allentown to Newark - was not available to him because the shuttle bus could not accommodate a passenger in a wheelchair.  Plaintiff was also informed that he would not be permitted to travel on any Continental flight without a traveling companion.  This was the first Plaintiff heard that he would not be allowed to fly alone.

On the basis of these facts, Plaintiff filed a two-count Complaint on October 4, 2005, naming as Defendants Continental Airlines, Inc., CommutAir, Inc., and Expressjet Airlines, Inc. (Doc. 1.)  Count I asserts a violation of the Air Carrier Access Act of 1986 §§ 41310, 41501, 41702, 41705.  (*Id.* at 6.)  Count II alleges a tort cause of action for Intentional Infliction of Emotional Distress.  (*Id.* at 7.)

As noted above, in the pending motions Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted because the ACAA does not allow for a private cause of action and there is no allegation of the kind of "outrageous conduct" required to sustain an IIED claim.  (Docs. 5, 6, 14, 15.) Plaintiff filed opposition briefs, maintaining that the Court should recognize a private right of action under the ACAA and Defendant CommutAir's behavior can be characterized as "extreme and outrageous."  (Docs. 10, 19.)  Defendants filed reply briefs refuting Plaintiff's arguments.  (Docs. 11, 20.)  Therefore, the pending motions are fully briefed and ripe for disposition.

## II. Discussion

### A.   Motion to Dismiss Standard

When considering a motion to dismiss based on failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer

4

evidence to support their claims." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Thus, the test is to determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993).  Put another way, the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

In rendering a decision on a motion to dismiss, a court must accept the veracity of the plaintiffs' allegations and all reasonable inferences which can be drawn from them. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974);  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  The burden is on the moving party to show that there is no actionable claim in a Rule 12(b)(6) motion to dismiss for failure to state a claim. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).

**B.   Air Carrier Access Act Claim**

We conclude that Plaintiff has failed to state a claim pursuant to the ACAA.

In general, the ACAA provides that, in providing air transportation, a carrier may not discriminate against an "otherwise qualified" individual because of a disability.  49 U.S.C. § 41705.

Here Defendants do not dispute that Plaintiff was disabled, but maintain that the ACAA does not provide a private cause of action.  (*See* Doc. 6 at 4; Doc. 15 at 4.[2])  The basis of Defendants' argument is that the statute and implementing regulations provide a comprehensive enforcement scheme which does not evidence a Congressional intent to create a private right and private remedy.  (*See*, *e.g.*, Doc. 6 at 6.)  This argument is premised on Defendants' proposition that the United States Supreme Court's decision in *Alexander v. Sandoval*, 532 U.S. 279 (2001), is applicable and requires that a private right of action to enforce federal law must be created by Congress with intent to be determined by examining the statute's text and structure.  (*Id.* at 6-7.)

*Sandoval* directs that we should look for Congressional intent to create a private right of action in the text and structure of the statute.  *Sandoval*, 532 U.S. at 288.  The Third Circuit Court of Appeals has stated that "*Sandoval* mandates that an implied right

---

[2] Defendants proffer the same arguments in support of their motions, (Docs. 6, 15 *passim*), and Plaintiff's responses to the motions do not differ, (Docs. 10, 19 *passim*.)  Therefore, in our analysis of the issues presented in the pending motions, we do not distinguish between them.

of action can exist only where Congress creates a personal right." *Three Rivers Center for Independent Living v. Housing Authority of the City of Pittsburgh*, 382 F.3d 412, 426 (3d Cir. 2004).  Noting that federal courts are courts of limited jurisdiction and can only hear cases where authorized to do so by Congress, the Third Circuit Court quoted *Sandoval*:

> private rights of action to enforce federal law must be created by Congress.  The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy.  Statutory intent on this latter point is determinative.  Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.

*Lawrence Twp. Bd. of Educ. v. New Jersey*, 417 F.3d 368, 371 (3d Cir. 2005) (quoting *Sandoval*, 532 U.S. at 286-87).

The Third Circuit Court of Appeals has not addressed the question of whether the ACAA presents a private right of action.  However, the two circuit courts which have decided this issue since the Supreme Court's *Sandoval* decision have determined that the ACAA does not create a private right of action.   *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263 (10th Cir. 2004); *Love v. Delta Air Lines*, 310 F.3d 1347 (11th Cir. 2002).  Both *Boswell* and *Love* carefully analyzed the ACAA and found that the statute did not expressly provide for a private right of action in a federal district court but provided an extensive regulatory enforcement

7

scheme which allowed an aggrieved individual to file a complaint with the Secretary of Transportation and to appeal the Secretary's decision to the appropriate court of appeal. *Love*, 310 F.3d at 1357; *Boswell*, 361 F.3d at 1269-70.

Specific provisions which address the enforcement of the ACAA include the following: the Department of Transportation ("DOT") is required to investigate each complaint of a violation of the ACAA, 49 U.S.C. § 41705(c)(1); 49 U.S.C. § 46101 provides for a disabled person to file a complaint about a violation of the ACAA with the Secretary of Transportation and the Secretary is to investigate the claim if there appear to be reasonable grounds for the complaint; after notice and an opportunity for a hearing, the DOT may enter an order compelling compliance with the ACAA, 49 U.S.C. § 46101(a)(4), may revoke an air carrier's certificate, 49 U.S.C. § (a)(2)(B), may impose up to a $25,000 fine for each violation, 49 U.S.C. § 46301; and the DOT may initiate a civil action in a federal district court to enforce the ACAA, 49 U.S.C. 46106, or may request the Attorney General to do so, 49 U.S.C. § 46107(b)(1)(A).  Importantly, as discussed in both *Love* and *Boswell*, the statute addresses an individual's right to appeal the Secretary's decision in the appropriate court of appeals of United States, 49 U.S.C. § 46110(a). *Boswell*, 361 F.3d at 1270; *Love*, 310 F.3d at 1356. Further, the court of appeals has exclusive jurisdiction to "affirm, amend, modify, or set aside any part of the order [of the

Secretary of Transportation] and may order the Secretary, Under Secretary, or Administrator to conduct further proceedings." 49 U.S.C. § 46110(c).

Keeping in mind the *Sandoval* direction that "the express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others," 532 U.S. 290, we find the express grant of an individual's right to appeal the Secretary's decision in the appropriate court of appeal and the court of appeal's exclusive jurisdiction to review the Secretary's order precludes a finding that an individual has an implied right to bring suit in a federal district court. We agree with the *Love* court that "the text of the ACAA itself . . . and the surrounding statutory and regulatory structure create an elaborate and comprehensive enforcement scheme that belies any congressional intent to create a private remedy. Notably absent from the scheme is a private right to sue in a federal district court." *Love*, 310 F.3d at 1354.

Plaintiff's arguments to the contrary are not persuasive. The cases decided by the Fifth and Eighth Circuits which found a private right of action under the ACAA preceded the Supreme Court's *Sandoval* decision. *See Shinault v. American Airlines*, Inc., 936 F.2d 796 (5th Cir. 1991); *Tallarico v. Tans World Airlines, Inc.*, 881 F.2d 566 (8th Cir. 1989). Plaintiff has pointed to no decision in any court decided after *Sandoval* where a private right of action

was implied and our independent research has not revealed any case to support Plaintiff's position. Plaintiff's mere assertion that "Defendants have not demonstrated that the Court would have decided *Rivera v. Delta Air Lines, Inc.*, 1997 WL 634500 (E.D. Pa. 1997) differently after the United States Supreme Court's decision in *Alexander v. Sandoval*, 532 U.S. 275, 121 S. Ct. 1511 (2001)," (Doc. 19-1 at 13), does not support a contrary conclusion. *Rivera* is a district court decision decided before *Sandoval*. Further, the specific issue of whether the ACAA provided a private right of action was not before the court. *See Rivera*, 1997 WL 634500, at *6.

Plaintiff also argues that the ACAA provides Plaintiff with an inadequate remedy if there is no private cause of action. (Doc. 10 at 7; Doc. 19-1 at 11.) In support of his argument, Plaintiff asserts: 1) an administrative remedy would not compensate Plaintiff for losses he suffered as a result of Defendants' violation of the ACAA; and 2) the Department of Transportation has been notoriously ineffective in enforcing the rights of the disabled under the ACAA. (Doc. 19-1 at 11.)

Defendants reply that *Sandoval* teaches that, once Congress has put in place a comprehensive enforcement scheme, it is not within a district court's province to determine whether the remedies provided are adequate or inadequate. (Doc. 11 at 4-5; Doc. 20 at 2-3.)

We agree. As discussed above, we conclude that the ACAA contains a comprehensive enforcement scheme which precludes a finding of a private right of action. From the *Sandoval* language quoted *supra*, our job is circumscribed: we can only "determine whether [the statute] displays an intent to create not just a private right but also a private remedy." *Lawrence Twp. Bd. of Educ. v. New Jersey*, 417 F.3d 368, 371 (3d Cir. 2005) (quoting *Sandoval*, 532 U.S. at 286-87). With our finding that the statute did not create a private remedy, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter." *Id.* With this guidance, we must conclude that Plaintiff's policy arguments fail upon our finding that the statute does not create a private remedy. Therefore, dismissal of Plaintiff's ACAA claim is appropriate and Defendants' motions are granted as to this claim.

**C.    Intentional Infliction of Emotional Distress Claim**

Because we have determined that dismissal of Plaintiff's ACAA claim is proper, our jurisdiction over Plaintiff's IIED claim presents a threshold issue. Plaintiff has not asserted an independent basis of jurisdiction for this state law claim. (*See* Doc. 1.) Therefore, our jurisdiction over the IIED claim rests upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Once a district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise

supplemental jurisdiction over remaining claims.  28 U.S.C. § 1367(c).  In making the determination, a district court "should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  *Growth Horizons* also noted the importance of the point in the litigation when dismissal of the main claim occurs.  *Id.* at 1284-85.

Here we are dismissing the federal question claim early in the litigation.  We have held no hearings on this matter and have not yet considered the substantive merits of the IIED claim.  Considering all of the relevant factors, we decline supplemental jurisdiction of Plaintiff's IIED claim.  Therefore, this claim will be dismissed without prejudice and Plaintiff may pursue his claims of outrageous conduct in the context of IIED in the appropriate state court if he so desires.

### III. Conclusion

For the reasons discussed above, Defendants' motions are granted with the modification that Plaintiff's IIED claim is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c) rather than Rule 12(b)(6).  An appropriate Order follows.

                                          <u>S/Richard P. Conaboy</u>
                                          RICHARD P. CONABOY
                                          United States District Judge

DATED: February 24, 2006

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
GARY CHIPPS,                             :
                                         :
        Plaintiff,                       :CIVIL ACTION NO. 3:O5-CV-2024
                                         :
        v.                               :(JUDGE CONABOY)
                                         :
CONTINENTAL AIRLINES INC.,;              :
COMMUTAIR, INC., d/b/a CONTINENTAL       :
CONNECTION, and EXPRESS JET              :
AIRLINES, INC., d/b/a CONTINENTAL        :
EXPRESS,                                 :
                                         :
        Defendants.                      :
```
_____

**ORDER**

AND NOW, THIS 24th DAY OF FEBRUARY 2006, FOR THE REASONS STATED IN THE ACCOMPANYING MEMORANDUM, THE FOLLOWING ORDER IS ENTERED:

1. Defendants' Motions, (Docs. 5, 14), are GRANTED as modified;

2. Count I of Plaintiff's Complaint, (Doc. 1), Plaintiff's ACAA claim, is dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

3. Count II of Plaintiff's Complaint, (Doc. 1), Plaintiff's IIED claim, is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c);

4. The Clerk of Court is directed to close this case.

                      S/Richard P. Conaboy
                          RICHARD P. CONABOY
                          United States District Judge